# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1302
_____

BSI Group LLC; International Business Solutions Group, LLC

*Plaintiffs - Appellees*

v.

Ezbanc Corp; Evolve Bank & Trust

*Defendant*s

Solid Financial Technologies, Inc.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: June 11, 2026
Filed: July 22, 2026
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

ERICKSON, Circuit Judge.

This Court previously reversed the district court's denial of Defendants' motions to compel arbitration and remanded "for trial on the narrow question of whether the 'pop-up' and/or other aspects of EZBanc's website show that Plaintiffs

agreed to be bound by the terms in the Evolve Agreement." BSI Group LLC v. EZBanc Corp, 122 F.4th 712, 717 (8th Cir. 2024). Upon remand, the district court entered a scheduling order that required (1) discovery on arbitrability and merits to proceed in tandem, (2) the filing and consideration of dispositive motions to occur prior to the jury trial on arbitrability, and (3) a trial on the merits to begin immediately if the jury determines the parties did not agree to arbitration. Solid Financial Technologies, Inc. ("Solid") brought a motion to stay all pretrial deadlines related to the merits of the case and the merits trial date pending the resolution of the motion to compel arbitration. The district court denied the motion to stay, and Solid appealed. We reverse and remand.

The denial of a motion to stay all proceedings pending arbitration is reviewed *de novo*. See Breadeaux's Pisa, LLC v. Beckman Bros. Ltd., 83 F.4th 1113, 1116 (8th Cir. 2023) (applying *de novo* review to a motion to stay responding to merits discovery requests while a motion to compel arbitration was pending). BSI Group LLC and International Business Solutions Group, LLC (collectively "BSI") assert that the standard of review should be abuse of discretion, but they cite no cases regarding discovery or pretrial management orders in the context of an unresolved dispute regarding arbitrability. We will review *de novo* the district court's denial of the motion to stay. Id. In any event, an error of law is an abuse of discretion, so the result here is the same under either standard of review. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

BSI claims we should not reach the merits of the appeal because Solid has allegedly waived its right to arbitration. While Solid's motion to stay all merits-related activity was pending, the district court sent an e-mail to the parties directing them to jointly propose new pretrial deadlines for the arbitrability question and the underlying merits of the case. BSI claims that because Solid complied with the district court's instructions, it has waived its right to arbitrate.

A party waives its right to arbitration if it (1) knew of this right and (2) acted inconsistently with it. In re Pawn Am. Consumer Data Breach Litig., 108 F.4th 610,

614 (8th Cir. 2024) (citations omitted). A party acts inconsistently with its right to arbitration when it "substantially invoke[es] the litigation machinery rather than promptly seek[ing] arbitration." Id. (quoting McCoy v. Walmart, Inc., 13 F.4th 702, 703 (8th Cir. 2021)). Filing a motion to dismiss on the merits substantially invokes the litigation machinery. Lackie Drug Store, Inc. v. OptumRx, Inc., 143 F.4th 985, 994 (8th Cir. 2025); In re Pawn Am. Consumer Data Breach Litig., 108 F.4th at 615. To preserve the arbitration right, a defendant must do "all it could reasonably have been expected to do to make the earliest feasible determination to invoke its arbitration rights." Lackie Drug, 143 F.4th at 994 (quoting Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1091 (8th Cir. 2007)) (internal quotation marks omitted).

In this case, before it filed an answer, Solid brought a motion to compel arbitration. After this Court remanded the case to the district court for a jury trial solely on the issue of whether the parties agreed to be bound by the terms in the Evolve contract, the district court issued a scheduling order that included deadlines regarding the underlying merits of the case. Six days later, Solid again promptly protected its right to arbitration by filing a motion to stay all deadlines related to the merits of the case. Solid never filed a motion to dismiss on the merits.

Solid's compliance with the district court's direction to jointly propose new deadlines does not constitute substantially invoking the litigation machinery. Cf. Lackie Drug, 143 F.4th at 994 (filing a motion to dismiss on the merits); In re Pawn Am. Consumer Data Breach Litig., 108 F.4th at 615 (same). At every stage in this litigation, Solid has quickly invoked its right to arbitration. There has been no waiver.

We now turn to the crux of this appeal. Under the Arbitration Act, if there is a dispute over whether an arbitration agreement exists between the parties, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The statute does not define the term "summarily." When interpreting an undefined term in a statute, we give the word its ordinary meaning. Hennepin Cnty. v. Fed. Nat'l Mortg. Ass'n, 742

F.3d 818, 821 (8th Cir. 2014) (citations omitted). "Summarily" means "in a summary manner or form," and "summary" means "done or occurring without delay or formality: quickly executed." *Summarily*, Merriam-Webster's Unabridged Dictionary, available at https://unabridged.merriam-webster.com/unabridged/summarily (last visited June 29, 2026); *summary*, id., available at https://unabridged.merriam-webster.com/unabridged/summary (last visited June 29, 2026). Applying this plain meaning to the statute, other circuits have concluded that the Arbitration Act requires the trial on whether the parties agreed to arbitrate to occur without delay or quickly. See Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 672 (9th Cir. 2021) (stating "summarily" means "without delay"); Howard v. Ferrellgas Partners, L.P., 748 F.3d 975, 977 (10th Cir. 2014) (stating "summarily" means "quickly"). Giving the word its ordinary meaning, the district court must conduct a trial on arbitrability without delay. Hansen, 1 F.4th at 672.

The arbitrability question is akin to deciding the correct venue for the case and after venue is determined, then the "parties can get on with the merits of their dispute in the right forum." Howard, 748 F.3d at 978. "Congress's clear intent, in the Arbitration Act, [is] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Sections 3 and 4 of the Arbitration Act provide for "only restricted inquiry into factual issues." Id. The asserted benefits of arbitration, including efficiency and less intrusive discovery, will be lost if the district court can proceed with pretrial matters while the question of arbitrability is pending. Coinbase, Inc. v. Bielski, 599 U.S. 736, 743 (2023).

Allowing merits discovery and dispositive motions on the merits to proceed before arbitrability is decided violates the plain language and the intent of the statute. All activity related to the underlying merits must wait until after the proper venue for the action has been determined. Howard, 748 F.3d at 978.

BSI asserts that allowing merits discovery to occur in tandem with arbitrability discovery promotes efficiency because both involve similar facts and many of the same witnesses and documents. The arbitrability question, however, is a very narrow one: was there anything on EZBanc's website that establishes BSI agreed to the Evolve contract? The limited discovery on this narrow issue is quite different in scope from the extensive discovery required to determine Solid's alleged liability for unauthorized withdrawals and failure to process third party payments.

Finally, BSI asserts that staying all activity related to the underlying merits equates to a court-invented "special rule" in favor of arbitration, which is prohibited. See Morgan v. Sundance, Inc., 596 U.S. 411, 418 (2022) ("[T]he FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules."). A court may not add an element to the waiver rule to favor arbitration contracts over other contracts. Id. A federal court should apply the usual procedural rules unless the Arbitration Act provides otherwise. Id. at 419.

In this case, the Arbitration Act dictates that discovery on the underlying merits should not occur until after the proper venue, i.e. arbitration or federal court, is determined. See 9 U.S.C. § 4 (when there is a question whether the parties agreed to arbitration, "the court shall proceed summarily to the trial thereof"); Howard, 748 F.3d at 978 (the Arbitration Act requires quick disposition of the arbitrability question before the parties proceed to the merits). The federal court did not invent a special rule about merits discovery; it is required by statute.

The district court's order denying the motion to stay all pretrial deadlines related to the merits of the case and the merits trial date is reversed. The case is remanded to the district court for proceedings consistent with this opinion.

_____